# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLER,<br><br>            Plaintiff,<br><br>     v.<br><br>JIMINEZ, et al.,<br><br>            Defendants. | Case No. 1:19-cv-0068-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 11<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Shauntae Tayler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on October 10, 2019, is currently before the Court for screening. (ECF No. 11.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California State Prison in Sacramento, California. The events in the amended complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names the following defendants: (1) M. Jiminez, Sergeant; (2) R. Rodriguez, Lieutenant; (3) C. Huckleberry, Sergeant; (4) P. Rye, Correctional Officer; and (5) J. Hernandez, Correctional Officer.

In Plaintiff's amended complaint, Plaintiff generally argues that the Court erroneously screened Plaintiff's original complaint and that his original complaint stated claims for relief. Plaintiff argues that the "evidence" will show that defendants lied as the physical evidence does not match the Defendants' reports of the incident. While the first amended complaint does not recite factual allegations, the Court will summarize what facts are provided.

Plaintiff alleges two claims: excessive force in violation of the Eighth Amendment and deliberate indifference to medical care in violation of the Eighth Amendment. As to the first claim, Plaintiff alleges the "named defendants used, unlawful acts of violence not necessary to secure plaintiff from causing harm to himself or others." (EC No. 11 p. 3 of 10.) Plaintiff alleges that "all 5 defendants acted with malice and forethought without any need to disarm Plaintiff,"

2

and all Defendants "acted under color of state law with malice and forethought inflicting unnecessary injury and harm on plaintiff." Plaintiff alleges "the linkage requirement has been shown by documentary evidence, the defendant used force and excessive 'misconduct' not in good faith with no need to restore discipline." Plaintiff states he is not an attorney and "does not reasonably without flaw know how to state a cognizable claim beyond what is now being attempted."

Plaintiff alleges that while attending a criminal proceeding regarding the named Defendants, he learned of a neighbor inmate who was a witness to the events and who made a documented statement. Plaintiff alleges that this neighbor inmate's statement documents seeing officers deploying the grenade inside of Plaintiff's cell and saw Plaintiff being excessively beaten by the Defendants without provocation or cause. Plaintiff alleges there are various "other defendants who heard and witnessed the unlawful actions." Plaintiff alleges that the crime scene photos expose that the grenade was not detonated as reported by Defendants. Plaintiff alleges that Defendants contend the OC vapor grenade detonated on Sergeant Jimenez duty belt, but the crime scene photographs show that there is no white OC vapor powder on Sergeant Jimenez's duty belt or on Plaintiff or any Defendant. Plaintiff claims there are lies that Defendants are covering up. Plaintiff says he will not use any hearsay statements or statement of self-belief and "now clearly stated the cognizable claim in which relief can be given."

Plaintiff alleged that the Defendants "in unison" acted with deliberate indifference to Plaintiff's serious medical needs. The crime scene photos "will show that all medical reports were forced and falsely reported. There was never any active OC pepper spray or vapor on or near Plaintiff." Plaintiff alleges that the "cover up was physical force that left Plaintiff seriously beaten with an array of injuries," including to his left eye. Plaintiff alleges "the exhibits originally submitted will not corroborate with what Defendants documented within all the medical reports. The crime scene photographs will instantly prove Plaintiff's allegations to be factual and true." Plaintiff concludes that he "has clearly given facts" to the Court to state a cognizable claim.

Plaintiff seeks compensatory damages and punitive damages.

3

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint does not include sufficient factual allegations to state a claim that is plausible on its face as Defendants Jimenez, Rodriguez, Huckleberry, Rye and Hernandez. Indeed, the first amended complaint includes fewer facts than the original complaint. Plaintiff was advised in the prior screening order that an amended complaint supersedes the original complaint and that Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012); Local Rule 220.

Plaintiff was also cautioned in the prior screening that Plaintiff's general, conclusory allegations against Defendants are not sufficient. Plaintiff was previously informed that at this stage of the proceedings, Plaintiff's well plead factual allegations are taken as true. Yet, Plaintiff includes minimal facts as to what happened and who did what, and instead argues conclusions and what he thinks the evidence will show. The allegations continue to be unclear as to what happened and who was involved, as Plaintiff has not stated the facts. Plaintiff has been unable to cure this deficiency.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party

4

injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link each of the Defendants to any constitutional violation. Plaintiff does not identify any individual Defendant in the allegations of his complaint, other than Jimenez, and attribute any specific conduct to the named Defendants. As previously advised, Plaintiff cannot merely lump all Defendants together and fail to state what each person did or did not do that caused the alleged violation(s) of his constitutional rights. Plaintiff's complaint does not allege what each Defendant did or did not do that resulted in violation of his constitutional rights. Plaintiff has been unable to cure this deficiency.

### C. Supervisory Liability

To the extent Plaintiff seeks to hold the Sergeants or Lieutenant liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt

personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### D. Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (citation omitted). "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. (citation and internal quotations omitted).

Plaintiff's complaint does not adequately allege a claim for excessive force in violation of the Eighth Amendment. While plaintiff allege Defendants' conduct with "malice and forethought" and calculated to cause physical harm, these assertions are insufficient because they are no more than conclusory and formulaic recitations of the applicable law. See Bell Atl. Corp v.

Twombly, 550 U.S. 544, 555 (2007).  Plaintiff has not stated any facts of what happened and who was involved. Plaintiff was previously informed that the Court could not determine who did what, which Defendants were involved, and which were not.  In Plaintiff's amended complaint, there are fewer facts as to what happened and who was involved.  Plaintiff has been unable to cure this deficiency.

### E. Deliberate Indifference to Serious Medical Need

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff fails to state a cognizable claim.  Plaintiff fails to include any factual allegations as to which Defendant knew what about his condition and what actions each Defendant did or did not take. Plaintiff has been unable to cure this deficiency.

### F. False Reports

A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006). A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge. See Pratt v. Rowland, 769 F.Supp.1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional

claim) and Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of evidence does not state a claim if procedural protections are provided during disciplinary hearing).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 28, 2020**       /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE