# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>JIMINEZ, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00068-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 16)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF No. 13) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 28, 2020, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action for failure to state a cognizable section 1983 claim. (ECF No. 13.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 8.) On April 14, 2020, following an extension of time, Plaintiff filed his objections, together with a motion to appoint counsel. (ECF Nos. 16, 17.)

In his objections, Plaintiff appears to be attempting to file a further amended complaint that will cure the deficiencies identified in the Magistrate Judge's screening orders. However,

upon review of the objections, the undersigned concludes that Plaintiff has again failed to cure the identified deficiencies and further leave to amend is not warranted.

With respect to Plaintiff's request for counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request for the appointment of counsel, but does not find the required exceptional circumstances. Plaintiff argues that he is indigent and unable to afford counsel, and that counsel is necessary for him to adequately formulate specific arguments, proceedings, motions, trial settings, etc. (ECF No. 16.)

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by indigent prisoners proceeding *pro se* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's

objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel, (ECF No. 16), is denied;
2. The findings and recommendations issued on February 28, 2020, (ECF No. 13), are adopted in full;
3. This action is dismissed, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  August 20, 2020                                    /s/ 
                                                SENIOR DISTRICT JUDGE