# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>              Plaintiff,<br><br>      v.<br><br>JIMINEZ, *et al.*,<br><br>              Defendants. | Case No. 1:19-cv-00068-AWI-BAM (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME FOR DEFENDANTS HERNANDEZ AND JIMENEZ TO FILE WAIVERS OF SERVICE OF PROCESS<br><br>(ECF No. 32)<br><br>**Waivers of Service of Process Due: November 1, 2021** |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez,[1] Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.

On August 17, 2021, the Court ordered electronic service on Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service. (ECF No. 29.) That order also required the California Office of the Attorney General ("OAG") to

---

[1] Erroneously sued as "Jiminez."

1

file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1). (*Id.*) CDCR returned the Notice of E-Service Waiver indicating that all Defendants intend to waive service on September 17, 2021. (ECF No. 31.) Therefore, waivers of service of process from the OAG for Defendants were due on or before October 18, 2021.

On October 18, 2021, Defendants Huckleberry, Rye, and Rodriguez filed waivers of service of process. (ECF No. 33.) The same date, counsel from the OAG, by special appearance, filed a request for an extension of time for Defendants Hernandez and Jimenez to file waivers of service of process. (ECF No. 32.) Counsel from the OAG states that the OAG has not yet been able to determine whether the OAG will represent Defendants Hernandez and Jimenez in this matter. Accordingly, it would be inappropriate for the OAG to file a waiver of service of process on their behalf at this time. Counsel expects a fourteen-day extension will allow enough time to determine whether the OAG can undertake representation of Defendants in this matter, and, assuming a service waiver is filed, would not affect the timing for filing Defendants' response to the complaint. (*Id.*)

Having considered the request, the Court finds that there is good cause to grant an extension of time for Defendants Hernandez and Jimenez to file their waivers of service of process. Fed. R. Civ. P. 6(b). Accordingly, the motion for an extension of time, (ECF No. 32), is HEREBY GRANTED. Defendants Hernandez and Jimenez shall file waivers of service of process on or before **November 1, 2021**.

IT IS SO ORDERED.

Dated:   **October 19, 2021**          /s/ *Barbara A. McAuliffe*          _
                                          UNITED STATES MAGISTRATE JUDGE