# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JIMINEZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00068-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE OR STAY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 49) |

　　　　Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez,[1] Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.

　　　　On December 22, 2021, Defendants filed a motion for judgment on the pleadings as to Plaintiff's excessive force claim. (ECF No. 45.) With the filing of Plaintiff's opposition and Defendants' reply, that motion is fully briefed and pending before the Court. (ECF Nos. 50, 51.)

　　　　On December 29, 2021, Plaintiff filed a motion for summary judgment. (ECF No. 48.) In response, Defendants filed a motion to strike or stay Plaintiff's motion for summary judgment.

---

[1] Erroneously sued as "Jiminez."

(ECF No. 49.)  Plaintiff did not file an opposition or response, and the deadline to do so has expired.  Defendants' motion to strike or stay Plaintiff's motion for summary judgment is therefore deemed submitted.  Local Rule 230(l).

Defendants argue that Plaintiff's motion for summary judgment should be stricken because it is unsupported by evidence and does not comply with Federal or Local Rules.  (ECF No. 49-1.)  In the alternative, Defendants request that the Court stay Plaintiff's motion until Defendants' pending motion for judgment on the pleadings is resolved, which may dispose of Plaintiff's excessive force claim, and Defendants have had sufficient time to conduct discovery regarding any remaining allegations.  (*Id.*)

Plaintiff is advised that any motion for summary judgment must be filed in compliance with Federal Rule of Civil Procedure 56, which provides in relevant part:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  In addition, Local Rule 260 requires the following:

> **(a) Motions for Summary Judgment or Summary Adjudication.** Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).

L.R. 260(a).

Upon review of Plaintiff's motion for summary judgment, the Court finds that it does not comply with Federal or Local Rules.  The motion is seven pages in length, and includes Plaintiff's own allegations, unsupported by any evidence referenced or attached to the motion.  Plaintiff does appear to argue that he has been unable to obtain certain documentary or

photographic evidence, and references a discovery motion and discovery requests he claims were filed together with the motion for summary judgment. (ECF No. 48, p. 2.) The Court notes that no discovery motion was received, and if Plaintiff does intend to file such a request, it is more appropriately filed as a separate motion, **not** as a part of a motion for summary judgment. Accordingly, the Court grants Defendants' motion to strike the motion for summary judgment, without prejudice to Plaintiff re-filing the motion at a later date, after the pending motion for judgment on the pleadings is resolved.

Plaintiff is reminded that, pursuant to the Court's Discovery and Scheduling Order, the deadline for filing a motion for summary judgment is currently October 31, 2022. (ECF No. 40.) Furthermore, the current deadline for completion of discovery is August 20, 2022. If Plaintiff requires additional discovery to submit a future motion for summary judgment that is properly supported by evidence, the current deadlines provide ample time for Plaintiff to conduct such discovery and to receive responses before re-filing any motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to strike or stay Plaintiff's motion for summary judgment, (ECF No. 49), is GRANTED; and
2. Plaintiff's December 29, 2021, motion for summary judgment, (ECF No. 48), is STRICKEN, without prejudice to re-filing, for failure to comply with Federal and Local Rules.

IT IS SO ORDERED.

Dated: **February 7, 2022**           /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3