# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIMINEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00068-AWI-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S AFFIDAVIT AS A MOTION TO FILE A CRIMINAL COMPLAINT<br>(ECF No. 53)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A CRIMINAL COMPLAINT<br>(ECF No. 53) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez,[1] Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's filing, titled "Affidavit of Information Felonies, High Crimes and Misdemeanors," docketed on April 4, 2022. (ECF No. 53.) Upon review of the filing, it appears Plaintiff is attempting to file a criminal complaint "for violations of high crimes, felonies, and misdemeanors" against defense counsel employed at the Office of the Attorney General of California. (*Id.*) The Court construes the filing as a motion to file a criminal

---

[1] Erroneously sued as "Jiminez."

complaint.

Defendants have not had an opportunity to respond to the motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

As a private citizen, Plaintiff has no authority to criminally prosecute anyone. *Ray, Jr. v. Friedlander*, No. C 10-1107 SI (pr), 2010 WL 3464453, at *1 (N.D. Cal. Sept. 1, 2010) (citing *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968)). In addition, to the extent Plaintiff is attempting to add a civil rights claim to this action based on any alleged criminal activity, Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). Plaintiff's motion is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's affidavit, (ECF No. 53), is CONSTRUED as a motion to file a criminal complaint; and
2. Plaintiff's motion to file a criminal complaint, (ECF No. 53), is DENIED.

IT IS SO ORDERED.

Dated:   **April 6, 2022**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE

2