# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR, | Case No. 1:19-cv-00068-AWI-BAM (PC) |
| Plaintiff, | ORDER REGARDING CASE STATUS AND DENYING REQUEST FOR TRIAL DATE OR SETTLEMENT CONFERENCE AS PREMATURE |
| v. | |
| JIMINEZ, *et al.*, | |
| Defendants. | (ECF No. 57) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez,[1] Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.

On December 22, 2021, Defendants filed a motion for judgment on the pleadings as to Plaintiff's excessive force claim. (ECF No. 45.) With the filing of Plaintiff's opposition and Defendants' reply, that motion is fully briefed and pending before the Court. (ECF Nos. 50, 51.)

Currently before the Court is Plaintiff's motion regarding case status, filed May 20, 2022. (ECF No. 57.) Plaintiff states that, pursuant to the Court's Discovery and Scheduling Order

---

[1] Erroneously sued as "Jiminez."

1

setting the deadline for discovery for August 20, 2022, he attempted to submit Discovery Motions which were received by the Court on April 4, 2022.  However, the Clerk returned the discovery motions and informed him that discovery motions shall not be filed until there is a proceeding where the discovery is at issue.  Plaintiff also states that his excessive force claim has been dismissed.  Plaintiff requests that the Court set trial dates as to his deliberate indifference to serious medical needs claim or that the case be set for a settlement conference.  Plaintiff also asks the Court for information regarding when he can send discovery.  (*Id.*)

Defendants have not had an opportunity to respond to the motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Plaintiff is informed that Defendants' motion for judgment on the pleadings regarding dismissal of the excessive force claim remains pending before the Court, and therefore Plaintiff's excessive force claim has not been dismissed from this action.

As to Plaintiff's discovery motions, Plaintiff is informed that he is free to conduct discovery at any time before the discovery deadline of August 20, 2022.  However, Plaintiff should submit his discovery requests to Defendants, not to the Court.  Plaintiff's earlier discovery motion was returned because it was submitted to the Court, rather than to counsel for Defendants.  As Plaintiff was informed by the Clerk of the Court, <u>discovery motions should only be submitted to the Court if there is a dispute between the parties</u>.  Otherwise, discovery requests should be sent directly to the party from whom discovery responses are requested.

Finally, Plaintiff's requests for a trial date is premature.  Defendants' motion for judgment on the pleadings remains pending, and the deadline to file dispositive motions has not yet expired.  Similarly, without a clear indication from all parties to the action that they are willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference at this time.  The parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves.  If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, they may so inform the Court.

///

Accordingly, Plaintiff's motion for a trial date or settlement conference, (ECF No. 57), is HEREBY DENIED as premature.

IT IS SO ORDERED.

Dated: **May 26, 2022**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3