# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>JIMINEZ, *et al.*,<br><br>  Defendants. | Case No. 1:19-cv-00068-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 62) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez,[1] Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.

On December 20, 2021, the Court issued a Discovery and Scheduling Order setting the deadline for completion of all discovery for August 20, 2022 and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for October 31, 2022. (ECF No. 40.)

On December 22, 2021, Defendants filed a motion for judgment on the pleadings as to Plaintiff's excessive force claim, together with a motion to stay discovery related to Plaintiff's

---
[1] Erroneously sued as "Jiminez."

1

excessive force claim.  (ECF Nos. 45, 46.)  The Court found good cause to stay discovery related to Plaintiff's excessive force claim pending resolution of Defendants' motion for judgment on the pleadings.  (ECF No. 47.)

Currently before the Court is Defendants' motion to modify the discovery and scheduling order, filed July 11, 2022.  (ECF No. 62.)  Defendants request that the Court modify the discovery and scheduling order to allow Defendants ninety days to depose Plaintiff and file their dispositive motion, after the Court rules on the pending motion for judgment on the pleadings.  Defendants contend that they are waiting for a resolution on the motion for judgment on the pleadings before taking Plaintiff's deposition, to avoid the time, expense, and duplication of fees that would result from taking two separate depositions.  (*Id.*)

Plaintiff has not yet had the opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was not diligent, the inquiry should end.  *Id.*

Having considered Defendants' moving papers, the Court finds good cause to modify the discovery and scheduling order.  The Court finds that Defendants have been diligent in filing the motion or judgment on the pleadings, and it would be an efficient use of the resources of the Court and the parties to resolve the scope of Plaintiff's claims prior to Defendants conducting Plaintiff's deposition and reaching the merits of this action.  Finally, the Court finds that the relief granted here will not result in prejudice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order, (ECF No. 62), is GRANTED IN PART;

///

2. The discovery and dispositive motion deadlines are VACATED; and

3. The Court will reset the deadlines following resolution of the pending motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated: **July 12, 2022**         /s/ *Barbara A. McAuliffe*
                    UNITED STATES MAGISTRATE JUDGE