# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>   Plaintiff,<br><br>   v.<br><br>JIMINEZ, *et al.*,<br><br>   Defendants. | Case No.  1:19-cv-00068-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(ECF No. 45)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez,[1] Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.

On December 22, 2021, Defendants filed a motion for judgment on the pleadings, together with a request for judicial notice.  (ECF No. 45.)  Plaintiff filed an opposition on January 18, 2022, (ECF No. 50), and Defendants filed a reply on January 26, 2022, (ECF No. 51).  The motion is deemed submitted.[2]  Local Rule 230(l).

---

[1] Erroneously sued as "Jiminez."

[2] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

1

**II.     Legal Standards**

      **A.     Motions for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming*, 581 F.3d at 925.

The Court considers the entire amended complaint and judicially noticeable matters. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

      **B.     Favorable Termination Rule**

As a general matter, prisoners may not challenge the fact or duration of their confinement in a § 1983 action. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81 (italics in original); *see Heck v. Humphrey,* 512 U.S. 477, 481–82, 487 (1994). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 481–82.

The Ninth Circuit also has "repeatedly found *Heck* to bar § 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas. *Radwan v. Cnty. of*

2

1  *Orange*, 519 Fed. Appx. 490, 490–91 (9th Cir. 2013) (citing *Szajer v. City of Los Angeles*, 632
2  F.3d 607 (9th Cir. 2011); *Whitaker v. Garcetti*, 486 F.3d 572 (9th Cir. 2007); *Guerrero v. Gates*,
3  442 F.3d 697, 704 (9th Cir. 2006)).

**III.    Plaintiff's Allegations**

The events in the first amended complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names the following defendants: (1) M. Jimenez, Sergeant; (2) R. Rodriguez, Lieutenant; (3) C. Huckleberry, Sergeant; (4) P. Rye, Correctional Officer; and (5) J. Hernandez, Correctional Officer.

Plaintiff alleges that defendants acted with malice when inflicting unnecessary injury and harm through the use of excessive force, including deploying a grenade inside his cell and seriously beating him without provocation. Plaintiff also alleged that defendants acted with deliberate indifference to his serious medical needs by failing to treat his swollen left eye following a physical altercation with defendants. (ECF Nos. 11, 27.)

**IV.    Defendants' Request for Judicial Notice**

Defendants request that the Court take judicial notice of records from Kern County Superior Court criminal case number DF013815A, *People v. Taylor, Shauntae*, including the criminal case file and the August 13, 2020 transcript of plea. (ECF No. 45-1.) Plaintiff did not respond to the request for judicial notice.

Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendants' request for judicial notice is granted. The Court may take judicial notice of state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Kasey v. Molybdenum Corp. of Amer.*, 336 F.2d 560, 563 (9th Cir. 1964). However, on a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th

1  Cir. 2001), quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
2  181 F.3d 410, 426–27 (3rd Cir. 1999).  Accordingly, the Court takes judicial notice only as to the
3  existence and contents of the state court records, and expresses no opinion as to the truth of the
4  facts asserted therein.

5  **V.     Defendants' Motion for Judgment on the Pleadings**
6      **A.     Parties' Positions**

7      This action proceeds, in part, on Plaintiff's claim that Defendants used excessive force
8  when they allegedly deployed an OC-vapor-grenade in Plaintiff's cell on December 24, 2017, and
9  then excessively beat Plaintiff without provocation or cause.  However, according to the
10 judicially-noticed records, Plaintiff received a ten-year prison sentence after he pled no contest to
11 attacking Defendant Jimenez.  This plea included a stipulation to the factual basis for that
12 criminal charge, based on records showing that staff used force to gain control of Plaintiff
13 following his unprovoked attack on Defendant Jimenez.  Because Plaintiff's excessive force
14 claim directly and irreconcilably conflicts with his criminal conviction for the same December 24,
15 2017 incident, success on that claim would necessarily imply the invalidity of Plaintiff's criminal
16 conviction.  Therefore, Plaintiff's excessive force claim is barred by the favorable termination
17 rule.  (ECF No. 45-2).

18     In opposition, Plaintiff primarily argues the merits of the action, specifically that
19 Defendants used excessive force against him in retaliation for filing previous lawsuits,
20 Defendants' incident reports do not accurately reflect the events of December 24, 2017, and
21 Plaintiff will prove that his injuries were more extensive than those reflected in the medical
22 reports.  Plaintiff further states that he signed the no contest plea after numerous court dates from
23 Sacramento to Delano, a 9-hour round trip.  (ECF No. 50.)

24     In reply, Defendants argue that Plaintiff's claim that he pled no contest to criminal charges
25 because he did not want to travel to court is irrelevant.  Plaintiff's claim that Defendants were
26 actually the aggressors during the incident, and attacked Plaintiff without any justification,
27 directly conflicts with his criminal conviction for the same incident.  Plaintiff may not contest his
28 criminal conviction or the facts supporting that charge.  (ECF No. 51.)

**B.     Plaintiff's Excessive Force Claim is Barred**

Plaintiff does not dispute Defendants' argument that he is attempting to challenge the validity of his criminal conviction for attacking Defendant Jimenez on December 24, 2017. Instead, Plaintiff repeatedly argues in his opposition that the factual basis for his conviction is not the true version of events, and he was the victim of an unprovoked attack by Defendants. A finding in Plaintiff's favor on his excessive force claim in this case would therefore necessarily imply the invalidity of Plaintiff's conviction for attacking Defendant Jimenez. As there is no indication in the record that Plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff may not proceed on his excessive force claim. *Heck*, 512 U.S. at 486. Plaintiff's excessive force claim is therefore barred by the favorable termination rule.

Furthermore, as there is no indication that Plaintiff can plead any additional facts to cure this defect, it would be futile to grant Plaintiff leave to amend. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**VI.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings, (ECF No. 45), be GRANTED;
2. Plaintiff's excessive force claim be dismissed, with prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), without leave to amend; and
3. This action proceed only on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

5

<small>
</small>

Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: __**February 19, 2024**__           /s/ *Barbara A. McAuliffe* _
                                                       UNITED STATES MAGISTRATE JUDGE