**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JIMINEZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:19-cv-0068 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING THE EXCESSIVE FORCE CLAIM<br><br>(Docs. 45, 72, 76) |

Shauntae Taylor is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for excessive force and deliberate indifference in violation of the Eighth Amendment.  (Docs. 11, 27, 29.)  Defendants seek judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on Plaintiff's claim for excessive force, asserting the Court should find the claim is barred by the favorable termination rule.  (Doc. 45 at 3-5.)

The magistrate judge observed that Plaintiff alleged the "Defendants used excessive force when they allegedly deployed an OC-vapor-grenade in Plaintiff's cell on December 24, 2017, and then excessively beat Plaintiff without provocation or cause."  (Doc. 72 at 4.)  However, the magistrate judge took judicial notice of the proceedings in Kern County Superior Court criminal case number DF013815A, in which Plaintiff received a ten-year prison sentence after pleading no

1

1    contest "to attacking Defendant Jimenez on December 24, 2017." (*Id.* at 3, 5.) The magistrate
2    judge observed that in Plaintiff's opposition to the motion, he "repeatedly argues … that the
3    factual basis for his conviction is not the true version of events, and he was the victim of an
4    unprovoked attack by Defendants." (*Id.* at 5.) The magistrate judge determined, "A finding in
5    Plaintiff's favor on his excessive force claim in this case would therefore necessarily imply the
6    invalidity of Plaintiff's conviction for attacking Defendant Jimenez." (*Id.*) In addition, the
7    magistrate judge found "no indication in the record that Plaintiff's conviction has been "reversed
8    on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
9    make such determination, or called into question by a federal court's issuance of a writ of habeas
10   corpus." (*Id.*, quoting *Heck v. Humphrey*, 512 U.S. 477, 481–82, 487 (1994).) Therefore, the
11   magistrate judge found "Plaintiff's excessive force claim is … barred by the favorable
12   termination rule," and recommended Defendants' motion be granted. (*Id.*)
13          Plaintiff filed timely objections to the Findings and Recommendations, also moving for
14   judgment in his favor pursuant to Rule 12(c). (Doc. 76.) Plaintiff cites to the doctrines identified
15   in *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) and *Heck v. Humphrey*, 512 U.S. 477, 481-
16   82 (1994), suggesting that if he is not seeking an early termination of his sentence as relief then
17   he should be able to proceed with his claims. (*Id.* at 1-3.) He also contends that he is
18   "exempt[ed]" from the *Heck* bar. (*Id.* at 1-2.) Plaintiff maintains that he intends to appeal his
19   plea, and "the favorable termination [rule] has no lawful ties to [his] excessive force claim." (*Id.*
20   at 4.) Defendants filed a response to Plaintiff's objections, asserting the Court should find the
21   claim is barred by *Heck*. (*See generally* Doc. 77.)
22          Plaintiff fails to show that he is exempt from the favorable termination rule. In *Preiser*,
23   the Court concluded that "a § 1983 action is a proper remedy for a state prisoner who is making a
24   constitutional challenge *to the conditions of his prison life*, but not to the fact or length of his
25   custody." *Id.*, 411 U.S. at 499 (emphasis added). Similarly, in *Heck*, the Supreme Court
26   determined that a writ of habeas corpus "is the exclusive remedy for a state prisoner who
27   challenges the fact or duration of his confinement … even though such a claim may come within
28   the literal terms of § 1983." *Id.,* 512 U.S. at 481 (discussing *Preiser*, 411 U.S. at 488-90).

Because it is undisputed that Plaintiff challenges the factual basis of his conviction—and explicitly indicates his intent to appeal—his claim is barred by the favorable termination rule. As the magistrate judge determined, to recover damages for "harm caused by action whose unlawfulness would render a conviction or sentence invalid," Plaintiff must show "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal … or called into question by a federal court's issuance of a writ of habeas corpus …" *Id.*, 512 U.S. at 486-87. Plaintiff fails to carry this burden.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Because the Court agrees Defendants' motion should be granted, to the extent Plaintiff's objections also contain a request for judgment under Rule 12(c), the request is deemed moot. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 20, 2024 (Doc. 72) are **ADOPTED** in full.
2. Defendants' motion for judgment on the pleadings (Doc. 45) is **GRANTED**.
3. Plaintiff's excessive force claim is **DISMISSED** pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).
4. Plaintiff's Rule 12(c) motion as raised in his objections (Doc. 76) is **MOOT**.
5. This action **SHALL** proceed only on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.
6. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 21, 2024**

UNITED STATES DISTRICT JUDGE