# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR, | Case No. 1:19-cv-00068-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR SANCTIONS AGAINST CALIFORNIA ATTORNEY GENERAL, REQUEST FOR HIPPA HEARING, AND REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | |
| JIMINEZ, *et al.*, | |
| Defendants. | (ECF No. 80) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for sanctions against the California Attorney Generals, request for a HIPPA hearing to enable the Court to review Plaintiff's mental health file to establish the fact that he is a class member of Coleman/Plata/Armstrong, and request for appointment of counsel, filed April 26, 2024. (ECF No. 80.) Defendants filed an opposition on April 30, 2024. (ECF No. 81.) Plaintiff has not yet had the opportunity to file a reply brief, but the Court finds a reply unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff states that the California Attorney General's Office is aware that Plaintiff is in the Enhanced Outpatient Program ("EOP"), CDCR's highest level of outpatient

1

mental health care for people who are unable to function or care for themselves in a regular general population or segregated housing setting.  (ECF No. 80.)  Plaintiff suffers from serious manic depression disorder and sometimes goes into spells of depression to the point where he does not want to or cannot function properly.  His psychotropic medication only pushes him so far through each day, and he usually shuts down after 12:00 p.m.  Plaintiff argues that under *Armstrong v. Newsom*, he is a class member and has to have a 1.100 ADA Hearing before we move forward, the D.A. and P.D. have to inform the Court, and the Court has to conduct this hearing before it can move forward.  (*Id.*)

Defendants oppose the request for sanctions because Plaintiff fails to provide any legal or factual basis for the request, and fails to allege any misconduct by the California Office of the Attorney General which would provide a basis to impose sanctions.  (ECF No. 81.)  Defendants are unaware of any legal basis for a "1.100 ADA hearing" in federal court, and further explain that while the *Coleman* class includes all inmates with serious mental disorders who are or will be confined within the California Department of Corrections, mental illness is not a ground for inclusion in the *Armstrong* class.  (*Id.* at 2.)  Defendants further take no position on Plaintiff's request for the appointment of counsel.  (*Id.*)

Plaintiff's requests for sanctions and for a "HIPPA hearing" to establish his membership in any class action are denied.  Plaintiff has not alleged that the Attorney General's Office has taken any action, or failed to take any action, such that sanctions are warranted.  Similarly, the Court is not aware of any requirement to hold a hearing under HIPAA—the Health Insurance Portability and Accountability Act—or any other federal rule or statute, to determine whether Plaintiff is a member of the *Plata*, *Coleman*, or *Armstrong* classes.

To the extent Plaintiff's motion can be construed as a request for appointment of counsel, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request

the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request for the appointment of counsel, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners receiving mental health services almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff is proceeding on cognizable claims this does not mean that there is a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's request for sanctions, request for HIPPA hearing, and request for appointment of counsel, (ECF No. 80), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **May 1, 2024**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE