# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>            Plaintiff,<br><br>   v.<br><br>JIMINEZ, *et al.*,<br><br>            Defendants. | Case No. 1:19-cv-00068-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR CLARIFICATION AND DENYING PLAINTIFF'S MOTION FOR SERVICE OF DISCOVERY REQUESTS AND PRODUCTION OF DISCOVERY DOCUMENTS<br><br>(ECF No. 83) |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for clarification and request for production of discovery documents, filed May 17, 2024. (ECF No. 83.) Defendants have not yet had the opportunity to respond, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff states that he submitted a motion for production of Defendants' officer personnel files, dated April 2, 2024. (ECF No. 83.) On April 25, 2024, the Clerk of the Court sent Plaintiff a blue Clerk's Notice screening the motion, stating that discovery documents shall not be filed with the Clerk until there is a proceeding in which the interrogatories, responses,

1

or proofs of service are at issue. Plaintiff argues that because the Court's March 22, 2024 order reset the discovery and dispositive motion deadlines in this action, his motion for production was improperly screened by the Clerk of the Court. Plaintiff therefore requests a detailed explanation as to why his discovery motion was screened by the Clerk of the Court. Plaintiff also requests that his April 2, 2024 motion for production of Defendants' officer personnel files be submitted to each defendant for the purposes of Plaintiff's pretrial discovery. (*Id.*)

Plaintiff's request for clarification is granted by the instant order, and his request for production of documents is denied, as explained below.

Plaintiff's motion for production of documents was properly screened by the Clerk of the Court and returned to Plaintiff. As explained in the Court's December 20, 2021 discovery and scheduling order, "Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and 250.4." (ECF No. 40, p. 1.) Upon review of Plaintiff's April 2, 2024 motion for production, (ECF No. 83, pp. 7–8), and the instant motion for clarification, the Court finds that Plaintiff is seeking the production of certain documents from Defendants. Based on the materials provided, it does not appear Plaintiff has yet requested these documents from Defendants, such that a motion to compel would be appropriate. Plaintiff is therefore reminded that <u>discovery requests for Defendants should be served directly on Defendants, and should not be filed with the Court unless the requests are at issue (such as in support of a motion to compel)</u>. As such, Plaintiff's motion for production was properly screened by the Clerk of the Court.

For the same reasons, Plaintiff's request that the Court serve his motion for production on all Defendants is denied. If Plaintiff seeks discovery responses from Defendants, such requests must be sent directly to Defendants' counsel.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for clarification, (ECF No. 83), is GRANTED;
2. Plaintiff's request for production of discovery documents and service of discovery requests, (ECF No. 83), is DENIED; and

3. The deadline for completion of all discovery, including filing all motions to compel discovery, remains **June 21, 2024**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.

IT IS SO ORDERED.

Dated:  **May 22, 2024**              /s/ Barbara A. McAuliffe            _
                                      UNITED STATES MAGISTRATE JUDGE

3