# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>JIMINEZ, *et al.*,<br><br>    Defendants. | Case No.  1:19-cv-00068-JLT-BAM (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S OBJECTIONS TO JUNE 12, 2024 DEPOSITION AS MOOT<br>(ECF No. 88)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br>(ECF No. 87) |

**I.  Introduction**

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

Pursuant to the Court's March 22, 2024 order resetting discovery and dispositive motion deadlines, the deadline for completion of all discovery, including filing all motions to compel discovery, is June 21, 2024. (ECF No. 79.)

On June 17, 2024, Plaintiff filed a motion to compel discovery and a request to stop the June 12, 2024 deposition until discovery is turned over, together with objections to the June 12, 2024 deposition.[1] (ECF Nos. 87, 88.) On June 19, 2024, Defendants filed an opposition to

---

[1] Both filings indicate that they were mailed on June 11, 2024, though they were not received by the Court until June 17, 2024. (*See* ECF Nos. 87, 88.)

1  Plaintiff's motion to compel. (ECF No. 89.) Plaintiff has not yet had the opportunity to file a

2  reply brief, but the Court finds further briefing is unnecessary. The motion to compel is deemed

3  submitted. Local Rule 230(l).

4  **II.       Plaintiff's Objections to June 12, 2024 Deposition**

5  Plaintiff primarily objects to Defendants taking his deposition based on the arguments

6  raised in his motion to compel, which the Court addresses below. (ECF No. 88.) Plaintiff also

7  raises arguments related to alleged violations of his ADA Mental Health Rights pursuant to the

8  *Armstrong*, *Coleman*, and *Plata* cases and alleged misconduct by defense counsel. Plaintiff also

9  requests that the Court stay all proceedings pending a review by the Ninth Circuit Court of

10 Appeals, and a stay or continuance of the June 12, 2024 deposition until Plaintiff's motion to

11 compel is granted. (*Id.*)

12 The Court has previously addressed all of Plaintiff's arguments regarding alleged

13 violations of his mental health and privacy rights, as well as Plaintiff's request for a stay of this

14 action pending review by the Ninth Circuit. (ECF Nos. 82, 86.) As Plaintiff has not raised any

15 new information or evidence in support of these arguments, they are rejected for the reasons

16 previously stated. (ECF Nos. 82, 86.)

17 Furthermore, based on the discussion below and Defendants' assertion that Plaintiff's

18 deposition was completed on June 12, 2024, (ECF No. 89, p. 5), the objections are disregarded as

19 moot.

20 **III.      Plaintiff's Motion to Compel**

21 In the motion to compel, Plaintiff seeks an order compelling defense counsel to produce

22 for inspection and copying each of Defendants' personnel files, in response to Plaintiff's Second

23 Set of Requests for Production of Documents. (ECF No. 87.) Plaintiff argues that disclosure is

24 required because they are "exculpatory pre-trial documents." (*Id.*) In his concurrently-filed

25 objections to the June 12, 2024 deposition, Plaintiff further clarifies that these materials must be

26 disclosed as *Brady* material. (ECF No. 88.)

27 In opposition, Defendants argue that the authority Plaintiff relies on applies to criminal

28 cases, not to civil cases like the instant action. (ECF No. 89.) Even in criminal cases, discovery

1 is limited to information that is or may be material to the defendant's case. Defendants stand on
2 their objections and original response to Plaintiff's request for production. (*Id.*)

### A.     Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the

document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

**B.     Discussion**

Plaintiff's Request for Production ("RFP") No. 1:

Production of each of the Defendant's Officer Personnel files, All past, present, information in it's entirety. Pursuant to subdivision (b) 1005, Code of Civil Procedure and Rule 34, Fed. R. of Civ. Procedure. Plaintiff hereby orders that each defendants Attorney produce to Plaintiff, the officers personnel files which should specifically have all past, prior, or recent information pertaining to officers' actions that documented complaints of officer misconduct, uses of unnecessary force, excessive force, complaints of unlawful conduct, falsifying documents, Any Investigation conducted by Internal Affairs or any other outside agency. Plaintiff asks the defendants' Attorney produce and hand over to the plaintiff all personnel file documents of each defendants in the ENTIRETY of conduct unlawful, lawful; all reports, Inmate Grievances, conduct inside and outside of the prison. Plaintiff request Any information of past, recent, civil complaints that were submitted by inmates against each Defendant, the release of officer personnel files is now law and cannot be disputed, the Plaintiff requests the pre-trial documents pursuant to Hickman v. Taylor, 329 U.S. 495 (1947) The information cannot be labeled as privileged, pur. to Fed. R. of Civ. P. Rule 26(b)(1). Plaintiff has a right to (Anything) relevant to Plaintiff's claim of Deliberate Indifference, Officer Misconduct, specifically to present as trial evidence.

Plaintiff orders the Production of officer's personal files for all five of the following Defendants M. Jiminez, R. Rodriguez, C. Huckleberry, P. Rye, J. Hernandez.

Response to RFP No. 1:

Objection. This request for production is duplicative of Plaintiff's Third Request for Production in Plaintiff's first set of document requests to Defendants Huckleberry, Hernandez,

4

Jimenez, Rye, and Rodriguez: "Request for all officer personnel files, Also all complaints issued against defendants, in or out of prison." Defendants have already responded to that request.

This request is also compound; unintelligible; overbroad as to time and subject matter; vague and ambiguous (e.g., "any investigation conducted by . . . any other outside agency," "conduct inside and outside of the prison," "lawful" conduct, and "any information"); requests documents not relevant to any party's claim or defense (e.g., records related to "unnecessary force," "excessive force," "all complaints issued against defendants, in or out of prison," and "lawful" conduct), and is therefore disproportionate to the needs of the case; and is overly burdensome because, as phrased, the request would require Defendants to search through an incalculable number of records for responsive complaints and grievances from an indefinite number of sources submitted by any inmate ever incarcerated at any prison that Defendants have ever worked at and all of Defendants' past employers, schools, or any other place where complaints or grievances relating to "conduct . . . outside of the prison" might be found (these types of records are not kept in personnel files). The request also calls for documents not within Defendants' possession, custody, or control (e.g., unspecified "outside agency" records) and documents equally available to Plaintiff (e.g., "any information" from publicly filed civil cases).

Furthermore, as phrased the request calls for documents subject to the attorney client, official information, and deliberative process privileges; confidential documents whose disclosure may jeopardize the safety and security of the institution; and documents protected from disclosure by the rights to privacy and confidentiality, including under California Penal Code section 832.7; California Evidence Code sections 1043 and 1045; California Code of Regulations, Title 15, sections 3321, 3370, and 3450; California Government Code sections 6254 and 7930.100; the California Information Practices Act of 1977, Civil Code section 1798.24; and the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Without waiving any objection, and to the extent that Plaintiff is seeking records from Defendants' personnel files related to his December 24, 2017 deliberate indifference claim at issue in the operative complaint, Defendants respond as follows: After a good faith, reasonable, and diligent search, there are no documents responsive to this request.

Ruling on RFP No. 1:

Plaintiff's request is overly broad, unduly burdensome, geared towards inadmissible character evidence, and not proportional to the needs of his case. Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and burdensome. *Valenzuela v. Smith*, Case No. CIV S-04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 15, 2006). By Plaintiff's own admission, the requested documents are "to prove defendants' dishonesty, unlawful behavior done in routine practices." (ECF No. 88, p. 4.)

While Plaintiff may have knowledge that Defendants have previously been named in civil proceedings or inmate complaints or grievances regarding similar allegations of deliberate indifference or excessive force, this does not make documents related to grievances filed by other inmates relevant to the claims at issue in this action. To the extent Plaintiff's request refers to matters of public record, such as civil complaints filed against Defendants by other inmates, those documents are equally available to Plaintiff. Plaintiff is not entitled to production of documents that are not otherwise in Defendants' custody or control.

Finally, the Court cannot compel a party to produce documents that do not exist. Defendants stated that after a good faith, reasonable, and diligent search, there are no documents responsive to this request. While Plaintiff may believe that there are more documents in existence, in the absence of legal or fact-based substantive deficiencies, he is required to accept the response provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that no responsive documents exist. *See Mootry v. Flores*, 2014 WL 3587839, *2 (E.D. Cal. 2014).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P.

26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Accordingly, Defendants' objections to RFP No. 1 are sustained.

**IV.  Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objections to the June 12, 2024 deposition, (ECF No. 88), are DISREGARDED as moot; and

2. Plaintiff's motion to compel, (ECF No. 87), is DENIED.

IT IS SO ORDERED.

Dated:  **June 20, 2024**            /s/ *Barbara A. McAuliffe*          
                                     UNITED STATES MAGISTRATE JUDGE