# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>   Plaintiff,<br><br>   v.<br><br>JIMINEZ, *et al.*,<br><br>   Defendants. | Case No.  1:19-cv-00068-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO AMEND AND FOR EXTENSION OF TIME TO COMPLETE THE GRIEVANCE PROCESS<br><br>(ECF No. 91)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Introduction**

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

On June 20, 2024, Plaintiff filed a motion to amend the complaint and a request for 90 days to complete the grievance process.  (ECF No. 91.)  Defendants have not yet had the opportunity to file a response, but the Court finds that a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

**II.     Motion to Amend**

   **A.     Legal Standards**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

1    Otherwise, a party may amend only by leave of the court or by written consent of the adverse
2    party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given
3    when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951
4    (9th Cir. 2006) (citation and quotation omitted).
5    However, courts "need not grant leave to amend where the amendment: (1) prejudices the
6    opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is
7    futile." *Id.* These factors do not carry equal weight. Prejudice is the most important factor to
8    consider. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).
9          **B.**    **Discussion**
10   In his motion, Plaintiff requests leave to amend his complaint to add claims to this
11   proceeding. (ECF No. 91.) Specifically, Plaintiff seeks to add the following claims and criminal
12   charge to the proceeding: (1) knowingly filing false information into official reports;
13   (2) attempting to conceal a crime by falsifying official state reports; and (3) a criminal charge of
14   perjury. Plaintiff also requests 90 days to adequately utilize the grievance/complaint procedures
15   in order to avoid dismissals for failure to exhaust. In support of his request, Plaintiff has attached
16   copies of certain medical records, which he argues prove that Defendants perjured documents
17   regarding Plaintiff's claims in this action. (*Id.*) Plaintiff did not file a proposed amended
18   complaint.
19   Plaintiff's motion is untimely. Pursuant to the Court's December 20, 2021 discovery and
20   scheduling order, all stipulated amendments or motions to amend were to be filed by June 20,
21   2022. (ECF No. 40.) Plaintiff's motion does not provide any explanation for his failure to seek
22   amendment at an earlier date, nor does it provide good cause for allowing an amendment two
23   years after the deadline. As such, permitting an amendment at this late date, with no cause or
24   good cause presented, would produce an undue delay in litigation.
25   Furthermore, having reviewed Plaintiff's proposed additional claims, the Court finds that
26   amendment would be futile. As Plaintiff was previously informed, (ECF No. 54), as a private
27   citizen, Plaintiff has no authority to criminally prosecute anyone. *Ray, Jr. v. Friedlander*, No. C
28   10-1107 SI (pr), 2010 WL 3464453, at *1 (N.D. Cal. Sept. 1, 2010) (citing *Peabody v. United*

*States*, 394 F.2d 175, 177 (9th Cir. 1968)).  In addition, to the extent Plaintiff is attempting to add a civil rights claim to this action based on any alleged criminal activity, Plaintiff has no constitutional right to have another person criminally prosecuted.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice.").

In addition, the creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).  The alleged inconsistencies between Plaintiff's allegations and Defendants' reports do not constitute perjury, nor is perjury an appropriate claim to bring under § 1983.

As Plaintiff's proposed amendments would not add any cognizable claims that can proceed in this action, the Court finds that granting leave to amend would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The Court will not expend additional resources screening an untimely amended complaint that fails to state additional cognizable claims and would unduly delay this action.  The request for a 90-day extension to allow Plaintiff to pursue his administrative remedies on these allegations should be denied for the same reasons.

**III.   Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to amend and for extension of time to complete the grievance process, (ECF No. 91), be denied;
2. Plaintiff's first amended complaint, filed October 10, 2019, (ECF No. 11), remain the operative complaint; and

///

3. This action proceed on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment only.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 24, 2024**                    /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE