# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR, | Case No. 1:19-cv-00068-AWI-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| JIMINEZ, *et al.*, | (ECF No. 94) |
| Defendants. | |

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

On June 20, 2024, Plaintiff filed a motion for summary judgment, or in the alternative to order Defendants to set trial dates. (ECF No. 90.) In response, Defendants filed a motion to strike Plaintiff's motion for summary judgment, or for an extension of time to file a consolidated opposition and cross-motion for summary judgment. (ECF No. 94.) Plaintiff has not yet had the opportunity to file a response, but the Court finds a further response is not necessary. Defendants' motion to strike Plaintiff's motion for summary judgment is therefore deemed submitted. Local Rule 230(l).

///

1

Defendants argue that Plaintiff's motion for summary judgment should be stricken because it does not comply with the Local Rules. (ECF No. 94.) In the alternative, if the Court believes Defendants should provide a substantive response to Plaintiff's motion, Defendants request an extension of time to respond to Plaintiff's motion until the dispositive motion deadline of August 23, 2024, and that they be permitted to consolidate their opposition with a cross-motion for summary judgment. (*Id.*)

Plaintiff is reminded[1] that any motion for summary judgment must be filed in compliance with Federal Rule of Civil Procedure 56, which provides in relevant part:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). In addition, Local Rule 260 requires the following:

> **(a) Motions for Summary Judgment or Summary Adjudication.** Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).

L.R. 260(a).

Upon review of Plaintiff's motion for summary judgment, the Court finds that it does not comply with Federal or Local Rules. The motion is five pages in length, and supported by a single exhibit, a copy of the Ninth Circuit's July 21, 2021 memorandum opinion remanding this action and finding it appropriate to direct Defendants to file an answer regarding Plaintiff's excessive force and deliberate indifference claims. (ECF No. 90.) Plaintiff makes reference to

---

[1] Plaintiff previously filed a motion for summary judgment on December 29, 2021. (ECF No. 48.) That motion was stricken, without prejudice to refiling, for Plaintiff's failure to comply with Federal and Local Rules. (ECF No. 52.)

1 his previously-filed and previously-stricken motion for summary judgment, (ECF No. 48), and
2 argues that during his June 12, 2024 deposition he proved on the court reporter's record that
3 Defendants were responsible for deliberate indifference. Plaintiff further contends that
4 Defendants documented perjured statements in Plaintiff's medical records, and that the Court is in
5 possession of colored photographs showing the extent of Plaintiff's injuries. Plaintiff also
6 references a disagreement with defense counsel during Plaintiff's deposition about whether
7 Plaintiff filed a grievance regarding the officers' deliberate indifference. Plaintiff requests that
8 the Court order prison officials to allow him to conduct an Olsen review to try and locate the
9 grievances and medical documents that were stolen, and further argues that prisoners are not
10 required to show exhaustion in the complaint. (*Id.*)

11 Plaintiff's conclusory arguments are unsupported by evidence attached to the motion or
12 evidence that appears in the Court's records. To the extent Plaintiff requests judgment in his
13 favor based on alleged testimony during Plaintiff's deposition or evidence presented during that
14 time, those records are not before the Court. Plaintiff is further reminded that any argument—
15 from either party—based on the exhaustion of administrative grievances, is untimely, as the
16 deadline for the filing of any motions for summary judgment related to exhaustion expired on
17 March 20, 2022. (ECF No. 40.) Accordingly, the Court grants Defendants' motion to strike the
18 motion for summary judgment, without prejudice to Plaintiff re-filing the motion, in compliance
19 with Rule 56, at a later date.

20 Plaintiff's request that, in the alternative, Defendants be ordered to set trial dates, is
21 denied. Trial dates will be set as necessary following resolution of any motions for summary
22 judgment, or if none are filed, after the deadline for dispositive motions has expired.

23 Plaintiff is reminded that, pursuant to the Court's March 22, 2024 order resetting
24 discovery and dispositive motion deadlines, the deadline for filing all dispositive motions (other
25 than a motion for summary judgment for failure to exhaust) is August 23, 2024. (ECF No. 79.)

26 Accordingly, IT IS HEREBY ORDERED as follows:
27 1. Defendants' motion to strike Plaintiff's motion for summary judgment, (ECF No. 94), is
28    GRANTED;

3

2. Plaintiff's June 20, 2024, motion for summary judgment, (ECF No. 90), is STRICKEN, without prejudice to re-filing, for failure to comply with Federal and Local Rules;

3. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) remains **August 23, 2024**; and

4. <u>Any request for an extension of the dispositive motion deadline must be filed on or before the expiration of the deadline, and an extension of time will only be granted upon a clear showing of good cause</u>.

IT IS SO ORDERED.

Dated:   **June 26, 2024**              /s/ Barbara A. McAuliffe    _
                                       UNITED STATES MAGISTRATE JUDGE

4