# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JIMINEZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:19-cv-00068-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION REQUESTING INFORMATION REGARDING CASE<br><br>(ECF No. 100) |

　　　　Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Jimenez, Rodriguez, Huckleberry, Rye, and Hernandez for deliberate indifference in violation of the Eighth Amendment.

　　　　On June 20, 2024, Plaintiff filed a motion for summary judgment, or in the alternative to order Defendants to set trial dates.  (ECF No. 90.)  In response, Defendants filed a motion to strike Plaintiff's motion for summary judgment, or for an extension of time to file a consolidated opposition and cross-motion for summary judgment.  (ECF No. 94.)  The Court granted Defendants' motion and Plaintiff's motion for summary judgment was stricken, without prejudice to re-filing, for failure to comply with Federal and Local Rules.  (ECF No. 95.)

　　　　On July 11, 2024, Plaintiff filed a motion to correct the deficiencies in his June 20, 2024 motion for summary judgment and renewed his motion for summary judgment.  (ECF No. 96.)

1

1    On July 29, 2024, Defendants filed an opposition to Plaintiff's motion for summary judgment
2    together with a cross-motion for summary judgment on the grounds that the undisputed facts
3    show that Defendants were not deliberately indifferent to Plaintiff's alleged serious medical need
4    and are entitled to qualified immunity. (ECF Nos. 98, 99.) Accordingly, Plaintiff's reply in
5    support of his own motion for summary judgment is due on or before **August 18, 2024**, and
6    Plaintiff's opposition to Defendants' cross-motion for summary judgment is due on or before
7    **August 22, 2024**. Local Rule 230(l); Fed. R. Civ. P. 6(d). Those motions remain pending before
8    the Court until they are fully briefed or the relevant briefing deadlines have expired.

9    Also on July 29, 2024, the Court received Plaintiff's motion requesting information
10   regarding this case and a notice of recent filing. (ECF No. 100.) Defendants have not yet had an
11   opportunity to file a response, but the Court finds a further response is not necessary. Plaintiff's
12   motion requesting case information is therefore deemed submitted. Local Rule 230(l).

13   In his motion, Plaintiff requests clarification regarding the case number in this action and
14   the assigned judge. (ECF No. 100.) Plaintiff states that he was informed that Judge Jennifer L.
15   Thurston would be presiding over this case roughly 2 years ago, yet he has still been
16   corresponding with the undersigned. Plaintiff also requests an update as to whether the Court
17   received his most recent motion curing the deficiencies in his motion for summary judgment.
18   (*Id.*)

19   Plaintiff's motion for case information is granted by the instant order.[1] As noted above,
20   Plaintiff's motion to correct the deficiencies in his original motion for summary judgment was
21   filed with the Court on July 11, 2024. (ECF No. 96.) With the filing of Defendants' July 29,
22   2024 opposition to Plaintiff's motion for summary judgment, any reply from Plaintiff in support
23   of his motion for summary judgment is due on or before **August 15, 2024**. Plaintiff is reminded
24   that although he has filed his own motion for summary judgment, **he is also required to file a**
25   **separate opposition to Defendants' July 29, 2024 cross-motion for summary judgment**.

26   As to the request for case information, Plaintiff is advised that the correct case number for

---

[1] Plaintiff is informed that the Court grants his request for a status, in this particular instance, but does not routinely grant requests for status updates.

this action is: **1:19-cv-00068-JLT-BAM (PC)**, as reflected in the caption above.  Plaintiff is reminded that a Magistrate Judge may perform the duties assigned pursuant to 28 U.S.C. § 636(c) and Eastern District Local Rule 302.  However, a Magistrate Judge may not preside over the trial in this case or make dispositive rulings without all parties' consent. 28 U.S.C. § 636(c).  If the parties do consent, a Magistrate Judge may conduct all proceedings and enter judgment in the case subject to direct appellate review by the Ninth Circuit Court of Appeals.

At this time, not all parties to this action have consented to the jurisdiction of a Magistrate Judge.  Therefore, this case remains assigned to both District Judge Thurston and Magistrate Judge McAuliffe, and the undersigned will continue to perform all duties as required by Eastern District Local Rule 302.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting information regarding case, (ECF No. 100), is GRANTED, as discussed herein;
2. Plaintiff's reply, if any, in support of his July 11, 2024 motion for summary judgment, (ECF No. 96), is due on or before **August 15, 2024**; and
3. Plaintiff's opposition to Defendants' July 29, 2024 cross-motion for summary judgment, (ECF No. 98), is due on or before **August 22, 2024**.

IT IS SO ORDERED.

Dated: **July 31, 2024**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE