**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>JIMINEZ, et al.,<br><br>        Defendants. | Case No. 1:19-cv-0068 JLT BAM (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 96, 98, and 110) |

Shauntae Taylor is a state prisoner and asserts he suffered violations of his civil rights while incarcerated at Kern Valley State Prison. The action proceeds only on Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, related to the alleged failure by Defendants to treat Plaintiff's swollen eye following a physical altercation between Plaintiff and Defendants. (Doc. 11; Doc. 27; Doc. 78 at 3.) The parties filed cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docs. 96, 98.)

The magistrate judge found that "based on the undisputed evidence in the record, Plaintiff's swollen left eye was not a serious medical need." (Doc. 110 at 15.) The magistrate judge observed that it was undisputed that "Nurse Nash examined Plaintiff and determined that Plaintiff's eye injury was not serious and did not require further treatment." (*Id.*, citation

1

omitted.)  The magistrate judge found it was also undisputed that Defendants sent Plaintiff for medical care, and Plaintiff, in fact, received medical care for his eye." (*Id.* at 17.)  Consequently, the magistrate judge determined, "Even assuming Plaintiff's swollen left eye presented a serious medical need, the undisputed facts demonstrate that Defendants were not deliberately indifferent to Plaintiff's serious medical need." (*Id.* at 16.)  Therefore, the magistrate judge recommended the Court deny Plaintiff's motion for summary judgment and grant Defendants' cross-motion.  (*Id.* at 18.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were to be filed within 14 days.  (Doc. 110 at 18.)  The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  Plaintiff did not file any objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendation are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 18, 2025 (Doc. 110) are **ADOPTED** in full.
2. Plaintiff's motion for summary judgment (Doc. 96) is **DENIED**.
3. Defendants' motion for summary judgment (Doc. 98) is **GRANTED**.
4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and to close this case.

IT IS SO ORDERED.

Dated:   **August 16, 2025**

UNITED STATES DISTRICT JUDGE